UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RASHEED WALTERS, RITA DIXON, SHIRLEY
SHILLINGFORD, MAUREEN FEENEY,
PHYLLIS CORBITT, Individually and as President
of the Massachusetts Union of Public Housing
Tenants, THE SOUTH BOSTON CITIZENS
ASSOCIATION, MARTIN F. MCDONOUGH
AMERICAN LEGION POST, ST. VINCENT'S
LOWER END NEIGHBORHOOD
ASSOCIATION, and OLD COLONY TENANT
ASSOCIATION,  GLADYS BRUNO, ZHENG
HUANHUA, CARMEN LUISA GARCIA
TERRERO, CARMEN GARCIA-ROSARIO, and
ELEANOR KASPER,

               Plaintiffs,

v.

THE CITY OF BOSTON, MICHELLE WU, in her
official capacity of the Mayor of the City of Boston,
ENEIDA TAVARES, in her official capacity as
Commissioner of the Boston Election Commission,
and THE BOSTON CITY COUNCIL,

               Defendants.

Civil Action No. 1:22cv012048-PBS

## PLAINTIFF'S OPPOSITION TO THE MOTION BY THE NAACP BOSTON BRANCH, MASSVOTE, MASSACHUSETTS VOTER TABLE, LA COLABORATIVE, CHINESE PROGRESSIVE ASSOCIATION, AND NEW ENGLAND UNITED FOR JUSTICE FOR LEAVE TO INTERVENE

Now Come the Plaintiffs and respectfully submit this Opposition to the Motion by the NAACP

Boston Branch, MassVOTE, the Massachusetts Voter Table, La Colaborativa, the Chinese Progressive

Association, and New England United for Justice (the "Proposed Intervenors") for Leave to Intervene.

The Proposed Intervenors cannot make the requisite showing that they are entitled to intervene

in this matter by right.  Nor have the Proposed Intervenors shown that this Honorable Court should

exercise its discretion to permit them to intervene.  Among other shortcomins, the Proposed Intervenors have failed to show that the City of Boston Defendants did not and/or can not adequately represent their interests.

## I.     Intervention as of Right

The Proposed Intervenors are not entitled to intervention as of right.  This manner of intervention is available if, by (1) timely motion, a movant can show (2) an interest relating to the property or transaction that is the subject of the action; (3) the movant is so situated that disposing of the action, as a practical matter, may impair its ability to protect its interest; and (4) its interest is not adequately represented by existing parties to the litigation. Fed. R. Civ. P. 24(a)(2); Ungar v. Arafat, 634 F.3d 46, 50 (1st Cir. 2011).

An applicant for intervention as of right "must run the table and fulfill all four of these preconditions." Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 204 (1st Cir. 1998). Failure to satisfy any one of them "dooms intervention." Id.

Here, Proposed Intervenors have failed to meet their burden of demonstrating all four of the requirements for intervention as of right: (1) the motion is untimely; (2) they have failed to show that they have the type of interest in this litigation that is necessary to intervene as of right; (3) they have failed to show that they are so situated that disposing of the action may impair their ability to protect their interests; and (4) they have failed to show that their purported interests are not adequately represented by the original Defendants.

### A.  The Motion to Intervene is untimely.

The First Circuit provides the following factors to determine whether a motion to intervene is timely filed:

> (i)the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to

the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention.

R & G Mortg. Corp. v. Federal Home Loan Mortg. Corp., 584 F.3d 1, 7 (1st Cir. 2009).

The Proposed Intervenors argue that their motion to intervene is timely because it was filed ten days after this Honorable Court's Preliminary Injunction Decision. However, the First Circuit requires that a proposed intervenor act promptly after receiving "constructive notice of [an] impending threat." R & G Mortg. Corp., 584 F.3d at 8. The Proposed Intervenors moved this Honorable Court for leave to file an amicus brief in which the Proposed Intervenors described their positions and legal arguments quite clearly. Not only did the Proposed Intervenors have constructive notice of an impending threat, but had actual notice and hired legal counsel to assert their positions in the underlying litigation via amicus brief.

The balancing of harms also weighs decisively in favor of denying the motion to intervene. The existing parties are more than capable of litigating the underlying matter. Permitting six separate advocacy groups to intervene in this matter would result in litigation sprawling out of control to the great prejudice of the existing parties and the Court. Meanwhile, the Proposed Intervenors suffer absolutely no prejudice whatsoever as the City of Boston Defendants and their capable counsel continue to represent interests that are ***identical*** to the interests of the Proposed Intervenors.

Lastly, there are special circumstances militating against intervention: specifically, this litigation runs the risk of devolving into chaos if six separate intervenors are permitted to file whatever they wish, whenever they wish. This litigation is high profile enough as it is.

**B. The Proposed Intervenors have failed to show that they have the type of interest in this litigation that is necessary to intervene as of right.**

The First Circuit has interpreted this factor to require "that an aspiring intervenor's claim 'must bear a sufficiently close relationship to the dispute between the original litigants.'" Ungar, 634 F.3d at 51, *quoting* Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 638 (1st Cir. 1989). Further, this asserted

3

interest must be "direct" and "significantly protectable."  Ungar, 634 F.3d at 51, *quoting* Donaldson v. United States, 400 U.S. 517, 531 (1971) (further citations omitted).   "An interest that is too contingent or speculative - let alone an interest that is wholly nonexistent - cannot furnish a basis for intervention as of right."  Ungar, 634 F.3d at 51, *citing* Traveler's Indem. Co., 884 F.2d at 638, and Moosehead Sanitary Dist. v. S.G. Phillips Corp., 610 F.2d 49, 53 (1st Cir. 1979).

The Proposed Intervenors claim that they represent the interests of various voters of various groups throughout the City of Boston.  They have no direct interests of their own, but rather seek to obtain standing on the shoulders of their members (who, as registered voters of Boston would have such a direct and protectable interest).   "Prudential limitations" on a federal court's exercise of jurisdiction generally require that a plaintiff "assert his own legal rights and interests, and [not] rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 498-499 (1975).  A plaintiff who seeks to bring an action on behalf of a third party must satisfy the following three criteria:  (1) the plaintiff "must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute"; (2) the plaintiff "must have a close relation to the third party"; and (3) "there must exist some hindrance to the third party's ability to protect his or her own interests."  Powers v. Ohio, 499 U.S. 400, 411 (1991) (citation omitted).

It does not appear that any of the Proposed Intervenors can make a showing that they have the type of interest in this litigation that is necessary to intervene as of right.  Even if they could make such a showing, that interest is, at the moment, too contingent or speculative.  The Proposed Intervenors name various possibilities for the disposition of this action ("settlement, the Mayor's Map, court-ordered line-drawing, or a permanent injunction"), their concerns are entirely speculative.

### C. The Proposed Intervenors have failed to show that they are so situated that disposing of the action may impair their ability to protect their interests.

The Proposed Intervenors are various advocacy organizations that nominally represent some residents of the City of Boston.  They have no interests of their own to protect in this litigation.  An

4

intervenor must demonstrate "a sufficient practical impairment to justify intervention under Rule 24 (a)

(2)." Int'l Paper Co. v. Inhabitants of Town of Jay, Me., 887 F.2d 338, 345 (1st Cir. 1989).  As

discussed hereinabove, the Proposed Intervenors have no "sufficient practical impairment" of their

own.

### D.  The Proposed Intervenors have failed to show that their purported interests are not adequately represented by the original Defendants.

The First Circuit presumes adequate representation "when a would-be intervenor's objective

aligns seamlessly with that of an existing party. In such a situation, a rebuttable presumption of

adequate representation attaches." T-Mobile Ne. LLC v. Town of Barnstable, 969 F.3d 33, 39 (1st Cir.

2020).  To overcome the presumption, a would-be intervenor must "put forward 'a strong affirmative

showing' that" an existing party will not adequately represent the interest. Id. "Such a showing would

have had to consist of something more than speculation as to the purported inadequacy of

representation." Id. (citation and quotation marks omitted).  Also, when a present party is a

government entity, "the burden of persuasion is ratcheted upward." Patch, 136 F.3d. at 207.

Not only do the Proposed Intervenors have *identical* objectives to the original Defendants, but

those Defendants are also government entities, ratcheting the Proposed Intervenors' burden of

persuasion into the stratosphere.  In a case such as this, there is a "rebuttable presumption that the

government will defend adequately its action[.]" Victim Rights Law Center v. Rosenfelt, 988 F.3d

556, 561 (1st Cir. 2021) *quoting* Cotter v. Mass. Ass'n of Minority L. Enf't Officers, 219 F.3d 31, 35

(1st Cir. 2000).  A successful rebuttal of this presumption "requires `a strong affirmative showing' that

the agency (or its members) is not fairly representing the applicants' interests." Rosenfelt, 988 F.3d at

561, *citing* Patch, 136 F.3d at 207, *quoting* United States v. Hooker Chems. & Plastics Corp., 749 F.2d

968, 985 (2d Cir. 1984)).

The Proposed Intervenors suggest that their interests were not adequately represented by the

City of Boston Defendants due to "the paucity of their defense" and "[f]ailing to call even a single fact

witness or respond to critical parts of Plaintiff's case[.]"  <u>Proposed Intervenors' Memorandum at p. 16</u>.

Plaintiff recalls the litigation leading up to and during the April evidentiary hearings quite differently.

The City of Boston Defendants put on a thorough defense, the problem is that they could not change

the facts.  No amount of money and no number of lawyers can change the immutable reality of this

case: that the City Council improperly considered race when it drew its new district maps.  In any

event, just because Proposed Intervenors would have litigated it differently, or would have called other

witness, does not render the representation inadequate.  In fact, the City of Boston Defendants hired a

world-renowned expert witness, Dr. Moon Duchin, who prepared a thorough report and testified

extensively at the evidentiary hearings.  The Proposed Intervenors' lamentations that the City of

Boston Defendants didn't call fact witness are similarly puzzling.  Who would they even have called?

The Plaintiffs sought to prove that the City Council improperly relied on race in the redistricting

process, putting the City of Boston Defendants in the difficult position of trying to prove a negative.  In

what was likely a tactical decision, the City of Boston Defendants relied heavily on their expert

witness and vigorously cross-examined the fact witnesses called by Plaintiffs.

       The First Circuit in <u>Rosenfelt</u> provides the following summary of applicable case law that is

directly relevant to this case:

> We reject the movant-intervenors' claim. As explained in Massachusetts Food
> Association v. Massachusetts Alcoholic Beverages Control Commission, a movant-
> intervenors' interest in making an additional constitutional argument in defense of
> government action does not render the government's representation inadequate. 197
> F.3d 560, 567 (1st Cir. 1999) (rejecting movant-intervenors' argument that the state's
> representation was inadequate because of their intent to make an argument under the
> Twenty-First Amendment that was not pursued by the state); see also T-Mobile Ne.,
> 969 F.3d at 39 ("[T]he presumption that a governmental entity defending official acts
> adequately represents the interests of its citizens applies full-bore, given the Town's
> vigorous, no-holds-barred defense of its refusal to grant a variance or other regulatory
> relief to T-Mobile."); Maine v. Dir., U.S. Fish & Wildlife Serv., 262 F.3d 13, 19-20 (1st
> Cir. 2001) (rejecting argument that movants were entitled to intervention where
> government could make "several obvious, more direct arguments ... in which the
> [movant and government had] a common interest"); <u>Daggett v. Comm'n on
> Governmental Ethics & Election Practices</u>, 172 F.3d 104, 112-13 (1st Cir. 1999).

<u>Rosenfelt</u>, 988 F.3d at 562.  The same high standard applies even where the interests of the party defendant and the proposed intervenor(s) are not perfectly aligned.  <u>Rosenfelt</u>, 988 F.3d at 562 ("Nor is perfect identity of motivational interests between the movant-intervenor and the government necessary to a finding of adequate representation.") *citing* <u>Mass. Food Ass'n</u>, 197 F.3d at 567.

## II.    Permissive Intervention

If the requirements for intervention as of right pursuant to Rule 24(a)(2) are not met, "[o]n timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

"When deciding whether or not to allow permissive intervention on behalf of persons who share common issues of law and/or fact with an existing party, a district court 'must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." <u>T-Mobile Ne.</u>, 969 F.3d at 40, *quoting* Fed. R. Civ. P. 24(b)(3).  "Additionally, the court may 'consider almost any factor rationally relevant' to the intervention determination." <u>T-Mobile Ne.</u>, 969 F.3d at 40-41, *quoting* <u>Daggett</u>, 172 F.3d at 113. "The court 'enjoys very broad discretion in granting or denying [such a] motion.'" <u>Id</u>.  "To begin, a district court considering requests for permissive intervention should ordinarily give weight to whether the original parties to the action adequately represent the interests of the putative intervenors." <u>T-Mobile Ne.</u>, 969 F.3d at 41.

The Proposed Intervenors' motion for permissive intervention fails for the same reasons as its motion for intervention as of right: (1) the motion is untimely; and (2) they have failed to show that their purported interests are not adequately represented by the original Defendants.

### A.  The Motion to Intervene is untimely.

"[W]hen a putative intervenor seeks both intervention as of right and permissive intervention, a finding of untimeliness with respect to the former normally applies to the latter (and, therefore, dooms the movant's quest for permissive intervention)." <u>R & G Mortg. Corp.</u>, 584 F.3d at 11.  The Proposed

Intervenor's motion for permissive intervention fails for the same reason as their motion for intervention as of right: the Proposed Intervenors were aware of the ongoing litigation and the preliminary injunction hearings (even going so far as to secure counsel to submit an amicus brief) but failed to intervene at that time.  Now that there has been an unsatisfactory result, Proposed Intervenors essentially seek to relitigate this matter.

**B.  This Honorable Court should exercise its broad discretion to deny the motion for permissive intervention.**

This Honorable Court has extremely broad discretion to permit or deny a motion for permissive intervention.  T-Mobile Ne., 969 F.3d at 42 ("The short of it is that a district court's discretion to grant or deny motions for permissive intervention is very broad[]". . .  and will only be disturbed "upon a showing of a clear abuse of that broad discretion.") (citations omitted).  Plaintiffs respectfully request that this Honorable Court deny the Proposed Intervenors' Motion for Permissive Intervention.

The Proposed Intervenors have made no showing that the City of Boston Defendants have not adequately represented their interests, or that they will not adequately represent their interests going forward.  As described hereinabove, the City of Boston Defendants were and are represented by extremely talented attorneys from Anderson & Krieger and Hemenway & Barnes who put forth a robust defense supported by expert testimony from renowned gerrymandering expert Dr. Moon Duchin.  In fact, it is hard to see how the City of Boston Defendants' counsel could have done more.

This Honorable Court should exercise its discretion to deny the motion for permissive intervention as the existing parties are more than capable of litigating this matter.  Allowing six new parties, all of whom are outspoken advocacy groups, would result in this litigation spiraling out of control.  The Proposed Intervenors have already participated in this litigation as amici, and can continue to do so at the Court's discretion, but their interests are already adequately represented by the City of Boston Law Defendants and there is no value gained by allowing six new parties to this action. See Mass. Food Asps', 197 F.3d at 568 (affirming denial of motion for permissive intervention when

"[t]he district court reasonably concluded that the Commonwealth was adequately representing the interests of everyone concerned to defend the statute and that any variations of legal argument could adequately be presented in amicus briefs").

## III.   Conclusion

For these reasons, Plaintiffs respectfully request that this Honorable Court deny the Proposed Intervenors' Motion to Intervene.

Respectfully Submitted,
Plaintiffs,
By their Attorneys,

/s/ Paul Gannon, Esq._____
Paul Gannon, Esquire
Law Office of Paul Gannon, P.C.
546 E. Broadway
South Boston, MA 02127
(617) 269-1993
BBO# 548865
pgannon@paulgannonlaw.com

/s/ Glen Hannington_____
Glen Hannington, Esq.
LAW OFFICES OF GLEN HANNINGTON
Ten Post Office Square, 8th Floor South
Boston, MA  02109
TEL#: (617) 725-2828
BBO#: 635925
glenhannington@aol.com

/s/ Frederick E. Dashiell_____
Frederick E. Dashiell, Esq.
Dashiell & Associates, P.C.
6 Codman Hill Avenue
Boston, Massachusetts 02124
Ph: (617) 590-5780 (Direct Line)
Fax: (972) 474-9171
BBO# 114520
fred.dashiell@gmail.com

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of this document was filed through the ECF System and will be served upon the attorney of record for each party registered to receive electronic service on this the 24th day of May 2023.

<u>/s/ Glen Hannington</u>